UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 2:22-CR-114 |
| v. | ) |
| | ) JUDGE GREER |
| JOSHUA CALEB BARNES | ) |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, JOSHUA CALEB BARNES, and the defendant's attorney, Corey Shipley, have agreed upon the following:

1. The defendant will plead guilty to the following count(s) in the superseding indictment:

   a) Count One, conspiracy to distribute 400 grams or more of a mixture and substance containing fentanyl, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A).

   The punishment for this offense is as follows: A minimum mandatory 10 years up to life imprisonment, a maximum fine of $10,000,000.00, a minimum of 5 years up to life on supervised release, and a $100 mandatory assessment fee.

   The United States agrees to withdraw the Notice of Enhancement Pursuant to 21 U.S.C. § 851, filed on January 3, 2023 [Doc. 15]. Thus, the increased mandatory minimum terms of imprisonment under § 851 do not apply.

2. In consideration of the defendant's guilty plea(s), the United States agrees to move the Court at the time of sentencing to dismiss the remaining count(s) against the defendant in this superseding indictment.

3. The defendant has read the superseding indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) The Tennessee Bureau of Investigation ("TBI") opened an investigation of the defendant, Joshua Caleb BARNES, in August of 2022 after determining that BARNES was a source of supply of fentanyl to the Kingsport, Tennessee, area. Agents determined that BARNES is originally from Detroit, Michigan, but currently resides in Louisville, Kentucky. Through debriefs of multiple individuals, agents learned that BARNES had been supplying fentanyl to distributors in the Kingsport area for at least a year using aliases such as JOE SNOW and TERRELL WHITE.

b) On December 19, 2021, a co-conspirator (hereinafter C-1) was arrested in Kingsport, Tennessee, in possession of a powder substance weighing 51.24 grams and containing fentanyl (Sched. II) and para-fluorofentanyl, a fentanyl analogue (Sched. I). On December 28, 2022, C-1 was Mirandized and interviewed. C-1 stated that he had been selling heroin for about a year. (Although C-1 described he product he was selling as heroin, the investigation showed that it actually contained fentanyl.) C-1 stated that his source of supply is a black male known to him as Nephew. Nephew comes from Detroit or Kentucky to deliver the heroin. Nephew has been his source of supply for about six months. At first, C-1 would buy 100 grams and that would last him about a month. Now he buys 200 grams at a time. Law enforcement searched

the contents of C-1's phone and determined based on the phone number that his supplier, saved in the phone as "Nephewii" was actually the defendant, Joshua Caleb BARNES. The phone contained phone calls and messages between the two going back to April of 2021. The text messages are clearly drug-related and show that BARNES supplied C-1 with approximately 100 grams of fentanyl per week from June of 2021 to December of 2021.

        c)       On August 31, 2022, agents with the TBI, Kingsport Police Department and Sullivan County Sheriff's office conducted a controlled buy of an ounce of a narcotic substance from BARNES. BARNES described the substance he was selling as "food", short for "dog food", a common slang term for heroin. A confidential informant ("CI"), acting at the direction of police, paid $2,100 to BARNES for the substance. The buy took place in a public parking lot in Kingsport, Tennessee, and was audio and video recorded. The narcotic substance was tested at the TBI laboratory and determined to be 25.5 grams of a substance containing fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), a Schedule II controlled substance, and 4-ANPP (phenethyl-4-anilino-N-phenethylpiperidine (phenethyl-4-*ANPP*), a fentanyl precursor.

        d)       On September 10, 2022, the same CI texted with BARNES to arrange for BARNES to deliver more drugs to the CI. BARNES communicated with the CI using mobile number (313) 953-3768. Screenshots of the text message exchange were turned over to law enforcement. The text message exchange was as follows:

*Sat, Sep 10, 5:19 PM*

- BARNES: Yo

*Sat, Sept 10, 8:46 PM*

- BARNES: Bro I'm on way in

*Sat, Sep 10, 11:31 PM*

- CI: Wya man I fell asleep

- BARNES: Be there at 3

- CI: Okay forsure? Ima stay up again I got money just waiting to be made bro

- BARNES: For show this time bro I'm already on road I had fell asleep last night

- BARNES: 2 hours away

- CI: Alright bro I'll be up

*Sun, Sep 11, 2:16 AM*

- BARNES: Wya Brody

- BARNES: Meet up

- BARNES: Bro me soon as u came I may be leaving soon

- BARNES: Hit

- CI: I'm leaving the house now I started to fall asleep wya

e) On September 10, 2022 agents surveilled BARNES as he drove from Louisville, Kentucky and entered Tennessee. The officers observed that BARNES was driving erratically. Hawkins County Sheriff's Office deputies conducted a traffic stop on BARNES on Highway 11W outside of Mooresburg, Tennessee, for suspicion of DUI. Deputies learned that BARNES was operating the vehicle on a suspended license, and he was detained. A female passenger was also detained. Deputies deployed a drug-detection K9 for an open-air sniff and the K9 displayed a change in behavior near the front passenger door of the vehicle. Officers searched BARNES' vehicle and found 151 grams of a gray rock substance concealed in the console area of the vehicle. The substance was later tested and determined to contain heroin and fentanyl. A loaded Ruger, Model SR22, .22 Long Rifle caliber, semi-automatic handgun (S/N

362-75515) was found in the same location as the heroin/fentanyl. Officers found a fully loaded .22 magazine in the back seat of the vehicle under a green luggage bag. BARNES now stipulates for purposes of this plea, that he possessed the Ruger handgun for the purposes of protecting himself, his drugs and his drug proceeds.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

    a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

    b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

d) Pursuant to Rule 11(c)(1)(C) and for the purposes of this plea agreement, the parties agree that the defendant conspired to distribute and is accountable for at least 1.2 kilograms, but less than 4 kilograms of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanimide).

e) Pursuant to Rule 11(c)(1)(C) and for the purposes of this plea agreement, the parties agree that the two-level enhancement for possession of a dangerous weapon (including a firearm) under U.S.S.G. § 2D1.1(b)(1) shall apply in this case.

f) Pursuant to Rule 11(c)(1)(C) and for the purposes of this plea agreement, the parties agree that the four-level enhancement for knowingly misrepresenting or marketing as another substance a mixture or substance containing fentanyl shall NOT apply in this case.

g) Pursuant to Rule 11(c)(1)(C) and for the purposes of this plea agreement, the parties agree that the enhancements for a leader, organizer, manager or supervisor in the offense under U.S.S.G. §3B1.1 shall NOT apply in this case.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine

and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

      a)      If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

      b)      The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      c)      If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in

this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or

by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

12. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

|                 |      | FRANCIS M. HAMILTON, III
UNITED STATES ATTORNEY |
|-----------------|------|---------------------------------|

10/24/23
Date

By: _____
EMILY M. SWECKER
Assistant United States Attorney

10/23/23
Date

_____
JOSHUA CALEB BARNES
Defendant

10/23/2023
Date

_____
COREY B. SHIPLEY
Attorney for the Defendant